SWANN (BANK OF ALEXANDRIA v.). See Case No. 853.

SWANN (BANK OF METROPOLIS v.). See Case No. 902.

SWANN (BANK OF UNITED STATES v.). See Case No. 937.

SWANN (BEARDSLEY v.). See Case No. 1,-187.

## Case No. 13,672.

### SWANN v. BOWIE.

[2 Cranch, C. C. 221.] [1]

Circuit Court. District of Columbia. Nov. Term, 1820.

DAMAGES—EXCESSIVE—ACTION FOR VALUE OF DOG KILLED—SPECIAL VERDICT—JUSTIFICATION—CITY ORDINANCE.

1. In cases of tort, courts have seldom granted new trials on the ground of excessive damages, unless they were so excessive as to imply gross partiality, or corruption, on the part of the jury.

[1] [Reported by Hon. William Cranch, Chief Judge.]

2. Upon a special verdict in an action of trespass for killing the plaintiff's dog by a constable who justifies under the by-law of the corporation of Alexandria, of the 28th of April, 1811, the court cannot render judgment for the defendant, unless the jury expressly find that the dog was "found going at large within the limits of the corporation without his owner."

Trespass, that the defendant [Davis Bowie], on the —— day of June, 1819, at the county aforesaid, with force and arms, that is to say with a gun loaded with powder and lead, did break and enter the close of the plaintiff [Thomas Swann], and did then and there shoot into the garden of the plaintiff, and did then and there kill the dog of the plaintiff of the value of one hundred dollars and other wrongs did, &c.; damage, $500. The defendant pleaded not guilty, with leave to give special matter of justification in evidence. The jury found a special verdict, stating that on the 15th of June, 1819, the plaintiff was owner of a dog, named Beaver; that the plaintiff resided and kept the said dog in the town of Alexandria, and within the limits of the jurisdiction of the common council of said town; that on that day the defendant was a constable duly appointed. They found also the charter of the said town of 1779, the act of congress of the 25th of February, 1804 (2 Stat. 255), to amend the charter, and the several by-laws of the corporation authorizing the killing of dogs; by one of which, passed on the 28th of April, 1811, it was enacted, "that it shall be lawful for any person, and shall particularly be the duty of the constable, to kill and destroy any dog found going at large within the limits of the corporation without his owner, between the first day of April, in each year, and the first day of October." That on the said 15th day of June, the plaintiff's said dog then being found upon the foot pavement in one of the public streets of the town of Alexandria, within the jurisdiction of the common council, was shot by the defendant and killed. That the said dog, at the time he was shot and killed, and for a long time before regularly watched in the plaintiff's stable, and attended upon the hostler; and had been in the regular habit of walking from the said stable, which fronted on the street, along the foot pavement, and by the side of the plaintiff's garden paling, through a gate into the plaintiff's yard and kitchen; and that there was no other path or open access from the said stable into the plaintiff's yard; that the said stable is about 120 feet distant from the said gate, which opens through the paling into the yard on the same side of the street with the stable, and is the nearest open access from the stable into the said yard and kitchen; that the dog was uncommonly domestic and harmless in his disposition, and in good health and condition at the time of being shot and killed as aforesaid, and was at that time peaceably pursuing his accustomed and daily route, before sunrise in the morning, from the said stable along the paved footway in the street, and close along the plaintiff's said garden paling, to the said gate; and was there shot and killed aforesaid; that the defendant at the time of discharging the gun by which he so shot and killed the said dog, placed himself in such a position, and so pointed his gun that the shot from the same would necessarily and obviously strike against the plaintiff's said garden paling, and did in fact so strike against the said palings and penetrate through the same into the said garden; that the said foot pavement, whereon the said dog was shot as aforesaid is a part of the public street, but is separated from the public carriage way and horse way, by a curbstone, and is paved with brick for the accommodation of foot passengers; and that the whole expense of making the said foot pavement, and laying such curbstone, along the whole front of the plaintiff's lot, was, pursuant to the by-laws and regulations of the said corporation, paid by the plaintiff. "If upon the matter found as aforesaid the court shall be of opinion that the defendant was not, in law, justified in shooting the said dog, in the circumstances aforesaid, then we find for the plaintiff and assess his damages to the sum of two hundred and seventy-five dollars. And if the defendant was justified, in law, in so shooting and killing the said dog; but is liable to the plaintiff, in this action, for shooting into his fence and garden, we find for the plaintiff and assess his damages, for the last-mentioned act, to the sum of two hundred dollars; and if the law be for the defendant on both of the grounds of action stated in the declaration, and before mentioned, then we find for the defendant."

Mr. Taylor, for defendant, moved for a new trial, on the ground of the damages being excessive.

Mr. Fendall and Mr. Swann, contrà, cited Duberley v. Gunning, 4 Term R. 651; Beardmore v. Carrington, 2 Wils. 249; 9 Johns. 52; Tidd, Prac. 93, 818.

In the argument upon the special verdict, it was contended by the plaintiff's counsel that the corporation had no authority to make the by-law of the 28th of April, 1811; and that, if they had, and if the defendant had a lawful right to kill the dog, yet the manner of doing it was unlawful and made the defendant a trespasser ab initio.

CRANCH, Chief Judge. A motion has been made, in this cause, for a new trial on the ground of excessive damages. In cases of tort, courts have seldom granted new trials unless the damages are so excessive as to imply gross partiality or corruption on the part of the jury. This is not a case of that kind; and although the court should think the damages unreasonable (which however we do not say), yet we should not be

justified by precedent in setting aside the verdict on that ground. In the argument upon the special verdict, it has been contended: (1) That the corporation of Alexandria had no authority to make the by-law under which the defendant attempts to justify the act. (2) That if they had, the justification under that by-law is not made out in point of fact; that is to say, it does not appear, by the special verdict, that the dog was "found going at large, within the limits of the corporation, without his owner." And, (3) that if the dog was in a situation in which he might be lawfully killed by the defendant, yet the manner and means of killing, were unlawful, and therefore the defendant must be considered, in law, a trespasser ab initio.

As the opinion of the court upon the second point is in favor of the plaintiff, it will be unnecessary to decide the other two. The special verdict does not find that the dog had not such a collar as is. required by the by-law of the 24th of September, 1804; so that the defendant cannot justify under that law. The only by-law under which he can claim a justification is that of the 28th of April, 1811, which enacts, "that it shall be lawful for any person, and shall particularly be the duty of the constables to kill and destroy any dog going at large, within the limits of the corporation, without his owner, between the first day of April, in each year, and the first day of October." The special verdict does not find that the dog was "found going at large without his owner." We do not suppose it necessary that the jury should have found the fact in so many words, but in order to justify the defendant they must have found facts which, in law, amount to the same thing. They find only that the dog, "being found upon the foot pavement in one of the public streets of the town," "was shot by the defendant and killed," "and that he was, at the time of his being so shot and killed, peaceably pursuing his accustomed and daily route from the said stable along the paved footway in the street, and close along the plaintiff's said garden paling to the said gate." All this may be true, and yet the dog might not be going at large without his master. He might have been led by a string by a servant, or he might have been with his master. The court can infer no fact from the facts found; and the facts found do not amount, in law, to the facts required by the by-law in order to justify the defendant. As this view of the case seems to be very clear and decisive of the cause, we abstain from giving any opinion upon the other points made in the argument

Judgment. THE COURT, having heard the arguments of counsel upon the special verdict found in this cause, and the same being considered. THE COURT is of opinion, that inasmuch as the jury have not found that the dog in the declaration mentioned, was, at the time of the defendant's killing him, found going at large without his master, within the meaning of the by-law of the 28th of April, 1811, in the said special verdict recited, the defendant was not, in law, justified in shooting and killing the said dog, in the circumstances stated in the said special verdict. Whereupon it is considered by the court that the plaintiff recover of the defendant the sum of $275 so as aforesaid assessed by the jury as his damages, and —— for his costs about his suit in this behalf expended.